IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAXMILLIAN KUNITZ SR.,

    Petitioner,                    No. 2:08-cv-3024-WBS-JFM (HC)

    vs.

MATTHEW CATE,[1]

    Respondent.                 FINDINGS AND RECOMMENDATIONS

                              /

          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2003 conviction, entered pursuant to a guilty plea, on charges of lewd and lascivious acts upon a child under the age of eight and the sentence of thirty-two years in prison imposed thereon. This matter is before the court on respondent's motion to dismiss this action as barred by the statute of limitations.

          Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Good cause appearing, respondent's request to substitute Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as respondent in this action is granted.

1

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On March 3, 2003, petitioner was convicted pursuant to a guilty plea and sentenced to thirty-two years on prison.

2. On September 21, 2004, the California Court of Appeal for the Third Appellate District modified petitioner's sentence to reduce the restitution and parole revocation fines and otherwise affirmed petitioner's conviction. Petitioner did not seek direct review in the California Supreme Court.

3. On January 23, 2008, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. The petition was denied on March 7, 2008.

4. On March 18, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. The petition was denied on April 3, 2008.

5. On April 22, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petitioner was denied on October 16, 2008.

6. On December 9, 2008, petitioner filed the instant petition.

Petitioner contends that the limitation period did not start to run until December 2007, when the United States Supreme Court decided Cunningham v. California, 549 U.S. 270 (2007). This contention is without merit. The decision in Cunningham "did not announce a new rule of constitutional law." Butler v. Curry, 538 F.3d 624, 639 (9th Cir. 2008). For purposes of this action, the limitations period commenced when petitioner's conviction became final, not when the decision in Cunningham was announced. It commenced to run against petitioner on or about November 1, 2004, forty days after the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal was filed. See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), *abrogation on other grounds recognized by* Moreno v. Harris, 245 Fed. Appx. 606 (9th Cir. 2007). It expired one year later, on November 1, 2005. Petitioner did not seek collateral review in the state courts for over two years after the limitation period expired. This action is therefore time-barred. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petitions filed after expiration of federal limitations period do not toll or revive expired federal limitations period).[2]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's April 6, 2009 motion to dismiss be granted; and

2. This action be dismissed as barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

---

[2] Petitioner also contends generally that he is entitled to equitable tolling of the limitation period, but he presents no evidence in support of this contention, nor does he make any argument that might arguably raise a question about his entitlement to such tolling.

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: October 29, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
kuni3024.mtd